1  LINDA S. GOLDMAN (SBN 193419)
   MUNGER, TOLLES & OLSON LLP
2  355 South Grand Avenue
   Thirty-Fifth Floor
3  Los Angeles, CA   90071-1560
   Telephone:  (213) 683-9100
4  Facsimile:   (213) 687-3702
   E-mail:  Linda.Goldman@mto.ocm
5

6  Attorneys for Defendants
   PLATINUM EQUITY and GEOLOGIC SOLUTIONS,
7  INC.

8

9              UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11

| 12 | TERRY DON BEZZANT, | CASE NO. 1: 05 CV 00881 AWI DLB |
|---|---|---|
| 13 | Plaintiff(s), | STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON |
| 14 | vs. | |
| 15 | PLATINUM EQUITY, a business entity unknown, SLINGSHOT ACQUISITION CORPORATION, a Delaware Corporation, GEOLOGIC SOLUTIONS, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive, | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | Defendants. | |

20
21
22
23
24
25
26
27
28

1119417.1

STIPULATION FOR PROTECTIVE ORDER
AND ORDER THEREON

WHEREAS, Plaintiff Terry Don Bezzant ("Plaintiff") has requested production of certain information and/or documents from Defendants Platinum Equity and Geologic Solutions, Inc. (collectively "Defendants"), and/or Defendants are producing said documents and/or information as part of their Initial Disclosures;

WHEREAS, Defendants have requested the production of certain medical records of Plaintiff and his spouse, and/or Plaintiff is producing said records and/or information as part of his Initial Disclosures;

WHEREAS, said information and/or documents requested and/or to be produced include personnel manuals, medical records, employee handbooks, company policies, client information, employee information, and other documents relating to Plaintiff's employment with Defendants and Defendants' business;

WHEREAS, Defendants and Plaintiff have asserted that information contained therein is confidential and proprietary information not in the public domain and would potentially infringe individual privacy rights and undermine Defendants' competitiveness in the marketplace if such information was unnecessarily disclosed;

WHEREAS, in order to expedite discovery in this action, while protecting the above-referenced documents and information from unrestricted disclosure to or discovery by third parties, the parties have agreed to production of documents and information upon the terms and conditions specified herein.

NOW, THEREFORE,

IT IS HEREBY STIPULATED by and among the parties hereto, through their respective counsel of record, that an Order be entered providing as follows:

1. For the purpose of this Order, "information" is defined broadly to include information in any form, whether provided in response to a request for information, in documents, or in testimony. "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape or otherwise.

2. The parties acknowledge that they will be exchanging confidential information solely because they are parties to the above-captioned case and therefore agree that all information exchanged between them that is designated as confidential will be used only for purposes of this case and any litigation or arbitration relating to the claims alleged in this action and/or alternative dispute resolution efforts between the parties hereto and for no other purpose.

3. A party may mark documents produced by that party in discovery falling into the following categories as "Confidential" on the face of the document along with an indication identifying the producing party:

(a) The following information regarding parties, witnesses, current and/or former clients, employees or other individuals: name, address, social security number, wage and benefit data, date of birth, medical information, telephone numbers, account numbers, tax records, and other financial information such as credit, loans or other business transactions, assets, and/or income data;

(b) All documents contained in Defendants' personnel or other files;

(c) Proprietary trade secret, proprietary financial, competitive and/or other proprietary information of Defendants, including, but not limited to, any manuals, procedures and/or policies generated for the internal use of Defendants' management and/or employees, and notes, correspondence and/or documents referring thereto, all asset purchase agreements, sales data and/or related information of Defendants;

(d) All documents containing names, account data, or other information relating to Defendants' current and/or former clients; and

1       (e)    All medical records of Plaintiff and/or Plaintiff's spouse.

2     4.    A party seeking to designate as "Confidential" any document falling into the categories set forth in paragraph 3 shall notify the other party by labeling the document "Confidential" on the face of the document along with an indication identifying the producing party, and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others listed in paragraph 10 who have received the information treat it as confidential.

    5.    A party also may mark as "Confidential" any information set forth in the transcript of any deposition taken in this action falling into the categories set forth in paragraph 3.

    6.    If the confidential information is contained in testimony offered at the hearing of the case or otherwise, the party seeking to designate the information as confidential shall do so on the record at the time the testimony is offered or as soon thereafter as practical.

    7.    Information inadvertently disclosed without being designated confidential may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential and the receiving party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

    8.    If any party receives from a third party a subpoena, discovery request or other demand for confidential information disclosed in this case, the party receiving the subpoena, discovery request or other demand for confidential information shall immediately notify the party who designated confidential treatment that it has received a demand for the information and shall take all steps reasonably necessary to preserve the confidentiality of the information.  The party seeking to preserve the confidentiality shall pay the reasonable expense of such

1119417.1     - 3 -    STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1 efforts, and the party in possession of the confidential information shall reasonably
2 cooperate with the party who designated the information as confidential in seeking
3 a protective order or other limitation on disclosure of the confidential information.

4       9. Any document, response, testimony or information which has
5 been marked as "Confidential" may and shall be used solely for the purpose of, in
6 connection with and to prepare for this action. Neither the original nor any copy of
7 any document, response, testimony or information which has been marked as
8 "Confidential" nor any excerpt, quotation, paraphrase or other description thereof
9 which conveys the confidential contents thereof (hereinafter all collectively referred
10 to as "Confidential Material") shall be disclosed to any person, or used for any
11 purpose, except in accordance with the terms of this Stipulation and Order.

12       10. The parties agree to limit access to and disclosure of
13 Confidential Material, except as otherwise provided herein, or agreed by the parties
14 to this Stipulation, or as otherwise ordered by the Court, to:

15       (a) The Court;
16       (b) The parties to this action, the attorneys of record for said parties,
17 and their associates and stenographic, clerical and paralegal employees, provided
18 that before counsel discloses any Confidential Material counsel shall provide the
19 person to whom the disclosure is to be made with a copy of this Stipulation and
20 obtain a signed Agreement to Comply with the Protective Order in the form of
21 Exhibit "A";
22       (c) The court reporter at any deposition; and
23       (d) Outside experts and consultants for any party, including their
24 stenographic and clerical personnel, whose advice or consultation is being or will
25 be used by such party in connection with this action, provided that before counsel
26 discloses any Confidential Material counsel shall provide the person to whom the
27 disclosure is to be made with a copy of this Stipulation and obtain a signed
28 Agreement to Comply with Protective Order in the form of Exhibit "A." No copies

1119417.1      - 4 -      STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

of Exhibit "A" signed by any experts and/or consultants shall be provided to opposing counsel unless and until said experts and/or consultants are disclosed in the ordinary course of litigation.

11. The attorneys for a party may disclose Confidential Material to any person in the course of a deposition taken in this action or in the course of preparing any witness to give testimony at deposition or trial; provided, however, that the witness first must be shown this Stipulation and agree to abide by its terms. Any deponent or witness who is not a party or an employee, officer or director of a party shall not retain the original or any copy of any such Confidential Material and only may be shown such material. Deponents and witnesses shall make no disclosure or use of such Confidential Material, or any part thereof, except to respond to deposition questions during the course of a deposition taken in this action or at trial or otherwise in accordance with this Stipulation and Order. Any deponent or witness who is not a party or an employee, officer or director of a party who is shown any Confidential Material shall first be provided a copy of this Stipulation and Order and shall be informed, as part of the transcribed or reported deposition, that disclosure or other use of Confidential Material, or any part thereof, is controlled by this Stipulation and Order and must be in accordance with this Stipulation and Order. No copy of any portion of any deposition transcript or deposition exhibit for a deposition in this action which contains Confidential Material shall be furnished by the reporter to any person not identified in paragraph 10 above.

12. In the event a party wishes to use any Confidential Information in affidavits, briefs, memoranda of law, or other papers filed in this litigation, such Confidential Information shall be filed under seal with the Court. The Clerk of this Court is directed to maintain under seal all transcripts of deposition testimony, answers to interrogatories, admissions and other papers filed under seal in this litigation which have been designated, in whole or in part, as Confidential

Information by any party to this litigation.

13. Nothing in this Stipulation shall require disclosure of any material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

14. The entering into this Stipulation and Order shall not and does not constitute an admission or concession or permit an inference that any document, response, testimony or information designated as "Confidential Material" is, in fact, confidential or contains Confidential Material.  Conversely, any disclosure of Confidential Material under this Stipulation and Order shall not be construed as a waiver of the confidentiality of the information.

15. Any party, through counsel, may make a good faith written objection to the designation of any document, response, testimony or information as "Confidential Material" and may make a motion for an order compelling disclosure of and/or access to such material without restriction, or a motion under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  Applicable federal law shall govern the burden and standard of proof on any such motion.  The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential.

16. This Stipulation and any Order thereon may be modified in part or entirely by written agreement of the parties hereto or upon application to and entry of an Order by the Court for good cause shown.

17. This order has no effect upon, and shall not apply to, the producing party's use of its own Confidential Information for any purpose following its production.

18. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the

1119417.1 - 6 - STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1  production of any information or document under the terms of this order nor any
2  proceedings pursuant to this Order shall be deemed to have the effect of an
3  admission or waiver by either party or of altering the confidentiality or
4  nonconfidentiality of any such document or information or altering any existing
5  obligation of any party or the absence thereof.
6        19.  This Order shall survive the final termination of this action, to
7  the extent that the information contained in Confidential Material is not or does not
8  become known to the public, and the Court shall retain jurisdiction to resolve any
9  dispute concerning the use of information disclosed hereunder.  Upon termination
10 of this case, counsel for the parties shall assemble and return to each other all
11 documents, material and deposition transcripts designated as confidential and all
12 copies of same, or shall certify the destruction thereof.

13 DATED:  September 1, 2005      SAGASER, JONES & HAHESY
14       HOWARD A. SAGASER

16       By:  /s/  Howard A. Sagaser
      Howard A. Sagaser
17
      Attorneys for Plaintiff
18       TERRY DON BEZZANT

20 DATED:  September 1, 2005      MUNGER, TOLLES & OLSON LLP
21       LINDA S. GOLDMAN

23       By:  /s/  Linda S. Goldman
      Linda S. Goldman
24
      Attorneys for Defendants PLATINUM
25       EQUITY and GEOLOGIC SOLUTIONS, INC.

1 | * * * * *

## ORDER

Good cause having been shown for the necessity of a Protective Order in this matter, it is hereby ordered that the terms of the Stipulation be followed as specified above.

DATED: September 6, 2005

                                    /s/ Dennis L. Beck  
                                    U.S. Magistrate Judge

# EXHIBIT "A"

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I, _____, hereby certify that I have read and understand the provisions of the Stipulation and Protective Order ("Order") in the action titled *Terry Bezzant v. Platinum Equity, et al.,* U.S.D.C., Case No.: 05 CV-00881-AWI-DLB.

I understand that my use of any and all documents, information and materials in this litigation is governed by the terms and conditions of the Order, and I hereby certify that I will comply fully with those terms and conditions where applicable, and that I will not disclose any information or documents marked Confidential or any information obtained in Confidential documents except as provided in the Order. I understand that my failure to comply with these terms may be punishable as contempt of court. I agree to submit to the jurisdiction of this Court for the limited purpose of enforcement of the terms of the Order.

I declare under penalty of perjury that the foregoing statements and representations are true and correct.

Signature: _____

Address: _____

Signed at _____ this \_\_\_\_\_ day of _____, 200\_.